IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA S. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. 11-cv-0666-MJR-CJP |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER AWARDING ATTORNEYS' FEES AND COSTS

REAGAN, District Judge:

In May 2012, the undersigned District Judge entered an Order reversing the Commissioner's decision (which had denied Diana Russell's application for social security disability benefits) and remanding the case for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. 405(g). The Court entered judgment in favor of Plaintiff Russell and against Defendant Commissioner accordingly on May 10, 2012.

On August 12, 2012, Plaintiff Russell moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412.  The motion was accompanied by documentation to support the request for an award of $4,166.55 in attorneys' fees and expenses (based on an hourly rate of $177.30 for Plaintiff's counsel) plus $350.00 in costs (the amount of the federal court filing fees).  The Court set a briefing schedule on the motion.  Before those briefing deadlines expired, on September 12, 2012, the parties filed a joint Stipulation to Award EAJA Fees (Doc. 25).

Via this stipulation, the parties agree to an award to Plaintiff under the EAJA as follows: **$3750 in attorney's fees and expenses under Section 2412(d) plus $350 in costs under Section 2412(a), for a total award of $4100.**

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), directs a court to award a prevailing party in litigation with the United States, specifically including proceedings for judicial review of agency action, attorneys' fees and other expenses, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." ***Gatimi v. Holder*, 606 F.3d 344, 346 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1568 (2011),** *citing* **28 U.S.C. § 2412(d)(1)(A).** As the Court previously concluded, the Commissioner's decision was *not* substantially justified. No special circumstances make an award of fees and costs *unjust* in this case.

The law of this Circuit further provides that an award of fees under the EAJA is payable to the *litigant*, not the lawyer. **Wickens v. Shell Oil Co., 620 F.3d 747, 752 (7th Cir. 2010). See also Astrue v. Ratliff, 130 S. Ct. 2521 (2010).** An exception is made to this rule if the plaintiff assigned his claim to a fee award to his lawyer *in advance*. **See Mathews-Sheets v. Astrue, 653 F.3d 560, 565 (7th Cir. 2011).**

Here, the joint stipulation provides that the award of EAJA fees and expenses shall be made to Plaintiff (Doc. 25, p. 1). The stipulation further states that, *after* the award is made, "if counsel for the parties can verify that

Plaintiff owes no pre-existing debt subject to offset, the Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel" (Doc. 25, p.1).

**Pursuant to the joint stipulation (Doc. 25) and 28 U.S.C. § 2412, the Court hereby AWARDS Plaintiff Diana Russell $3750.00 in attorneys' fees and expenses, plus $350.00 in costs.** (The $350.00 in costs shall be paid from the Judgment Fund administered by the United States Treasury.)

This Order **RENDERS MOOT** the motion for fees and costs (Doc. 23).

IT IS SO ORDERED.

September 14, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge